**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

LUIS ESTRADA-ELIVERIO,
       *Defendant-Appellant.*

No. 07-50191

D.C. No.
CR-05-01593-
BTM-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted
May 7, 2008—Pasadena, California

Filed October 5, 2009

Before: Raymond C. Fisher and Richard A. Paez,
Circuit Judges, and James L. Robart, District Judge.*

Opinion by Judge Paez

---

*The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

14293

**COUNSEL**

Vincent J. Brunkow, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Mark R. Rehe, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

PAEZ, Circuit Judge:

Luis Estrada-Eliverio appeals from his conviction and 63-month sentence imposed following a jury trial on one count of illegal reentry in violation of 8 U.S.C. § 1326.[1] In challenging his conviction, Estrada-Eliverio argues that the district court erroneously admitted documents from his immigration file ("A-file") that were not properly authenticated at trial. He contends that the district court erred by allowing authentication under Federal Rule of Evidence ("FRE") 901 and that, even if Rule 901 applied, the government did not satisfy the rule's requirements. We must determine whether the Federal Rules of Criminal Procedure permit authentication of official documents under FRE 901. We conclude that they do. In addition, we hold that the district court did not abuse its discretion in admitting the A-file documents under Rule 901. Accordingly, we affirm Estrada-Eliverio's conviction.

Estrada-Eliverio also challenges the district court's application of a sixteen-level enhancement to his offense level based on his prior conviction under California Penal Code section 245(a)(1) for assault with a deadly weapon or by means likely to produce great bodily injury. Estrada-Eliverio argues that this conviction was not a "crime of violence" for purposes of sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii), and that it was improper to enhance his sentence on the basis of a prior conviction that was not charged in the indictment and that was neither proven to a jury beyond a reasonable doubt nor admitted. Because these arguments are foreclosed by opinions of this court, we also affirm Estrada-Eliverio's sentence.

---

[1]We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## I. Background

To obtain a conviction under 8 U.S.C. § 1326, the government had to prove as an element of the offense that Estrada-Eliverio had previously been deported. *See United States v. Barragan-Cepeda*, 29 F.3d 1378, 1381 (9th Cir. 1994).

To prove Estrada-Eliverio's prior deportation, the government submitted three A-file[2] documents: a notice of intent to issue a final administrative removal order, a final administrative removal order, and a warrant of removal or deportation. Because the seal that normally authenticates such documents was not visible, they could not be admitted as self-authenticating documents under FRE 902.

Over Estrada-Eliverio's objections, the district court instead admitted the documents under FRE 901, based on authenticating testimony by Marco Perez, a Border Patrol agent. Perez testified that such documents are kept in A-files, that the documents offered were copies of documents from Estrada-Eliverio's A-file, that Perez was the custodian of that A-file, and that the documents admitted were true and correct copies of the documents in the A-file, which Perez had personally seen. According to Estrada-Eliverio, this evidence was critical to the jury's guilty verdict.

In determining Estrada-Eliverio's advisory sentencing guidelines range, the district court applied a sixteen-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In so doing, the court found that Estrada-Eliverio's prior conviction for assault with a deadly weapon or by means likely to produce great bodily injury under Cali-

---

[2] " 'A-files' are the permanent record files of persons seeking to gain citizenship in the United States, which the [responsible federal agency] is required to maintain for seventy-five years after the final adjudicative action of the applicant." *United States v. Salazar*, 455 F.3d 1022, 1023-24 (9th Cir. 2006).

fornia Penal Code section 245(a)(1) was a crime of violence. Based on the enhanced offense level, the court determined that the advisory guidelines range was 63 to 78 months. The court ultimately sentenced Estrada-Eliverio to 63 months in prison.

## II.    Challenge to Estrada-Eliverio's Conviction

*Standard of Review*

We review de novo the district court's interpretation of the Federal Rules of Criminal Procedure, *United States v. Fort*, 472 F.3d 1106, 1109 (9th Cir. 2007), and we review its determination regarding the proper authentication of evidence for abuse of discretion, *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).

*Discussion*

Estrada-Eliverio's challenge to the district court's evidentiary rulings requires that we consider the interplay between Federal Rule of Civil Procedure 44 and FRE 901. Although the government could have relied on Rule 44 to authenticate the A-file documents, it was not so restricted. As the district court properly determined, FRE 901 provided an alternative basis for establishing the documents' authenticity. In light of the evidence the government presented to meet its burden under FRE 901, the court properly admitted the A-file documents.

[1] Federal Rule of Criminal Procedure 27 makes Federal Rule of Civil Procedure 44 applicable in a criminal case. *United States v. Pintado-Isiordia*, 448 F.3d 1155, 1157 n.1 (9th Cir. 2006) (per curiam). Under Federal Rule of Civil Procedure 44, an official record is admissible if it is an "official publication" of the record or a copy of the record "attested by the officer with legal custody of the record"[3] and accompa-

---

[3]The precise wording of Rule 44 differed slightly at the time of Estrada-Eliverio's trial. *See* Fed. R. Civ. P. 44 (2006) (amended 2007). The recent

nied by a certificate, made under seal, that the officer has custody. Fed. R. Civ. P. 44(a). In addition, the Rule allows a party to prove that a document is an official record "by any other method authorized by law." Fed R. Civ. P. 44(c).

**[2]** Estrada-Eliverio, relying on *Chung Young Chew v. Boyd*, 309 F.2d 857, 867 (9th Cir. 1962), argues that "other method[s] authorized by law" include *only* statutes and common law rules of evidence, and that the district court therefore erred in allowing authentication pursuant to FRE 901. We reject this argument. First, *Chung Young Chew* merely followed the language of Rule 44 as it existed at that time, which allowed authentication by "any method authorized by any applicable statute or by the rules of evidence at common law." *See id.* at 866 n.22. Rule 44 was subsequently amended to include the language at issue here that refers more generally to "any other method authorized by law." *See* Charles Alan Wright & Arthur R. Miller, 9A *Fed. Practice & Procedure* § 2437 (3d ed. 2009). Second, *Chung Young Chew* was published *before* the Federal Rules of Evidence were enacted. The opinion therefore cannot be understood to preclude the Federal Rules of Evidence from falling within Rule 44's current broad provision for authentication by "any other method authorized by law." Federal Rule of Civil Procedure 44 clearly permits authentication of official documents under the Federal Rules of Evidence.

Estrada-Eliverio also contends that, even if FRE 901 applies, the government did not properly authenticate the A-file documents and the district court thus abused its discretion by admitting them. Specifically, Estrada-Eliverio objects that Agent Perez did not have personal knowledge of the records' creation.

---

changes to Rule 44, however, were purely stylistic. Fed. R. Civ. P. 44 advisory committee's note (describing 2007 amendment).

**[3]** FRE 901(b)(1) provides that a witness with knowledge of a document can authenticate it by testifying that it is "what it is claimed to be," and FRE 901(b)(7) provides for authentication of a public record with "[e]vidence that [a purported public record] . . . is from the public office where items of this nature are kept." A party "need only make a prima facie showing of authenticity 'so that a reasonable juror could find in favor of authenticity or identification.' " *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996) (quoting *United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 1991)). Here, Agent Perez testified that the documents were "what [they were] claimed to be," namely, accurate copies of documents he personally knew were from Estrada-Eliverio's A-file. FRE 901 does not require personal knowledge of a document's creation, but rather only personal knowledge that a document was part of an official file. *See* Fed. R. Evid. 901 advisory committee's note ("Public records are regularly authenticated by proof of custody, without more."). Agent Perez's testimony was sufficient to make a prima facie case for authenticity. The district court therefore did not abuse its discretion in admitting the documents on the basis of this testimony.

### III.    Challenges to Estrada-Eliverio's Sentence

**[4]** Estrada-Eliverio also alleges two legal errors at sentencing. First, he argues that the district court erred in applying a sixteen-level enhancement to his offense level pursuant to United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) based on his prior conviction for assault with a deadly weapon or by means likely to produce great bodily injury under California Penal Code section 245(a)(1). Specifically, he contends that section 245(a)(1) does not constitute a crime of violence for the purposes of the § 2L1.2(b)(1)(A)(ii) enhancement. Because we held that section 245(a)(1) is categorically a crime of violence under § 2L1.2(b)(1)(A)(ii) in *United States v. Grajeda*, No. 07-50387, slip op. at 13647, 13668 (9th Cir. Sept. 21, 2009), we reject this argument.

**[5]** Second, Estrada-Eliverio argues that the district court erred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in raising the statutory maximum for a violation of 8 U.S.C. § 1326 on the basis of a prior conviction that was not charged in the indictment, and was neither proven to a jury beyond a reasonable doubt nor admitted. This argument, however, is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and this court's subsequent cases holding that *Apprendi* has not overruled *Almendarez-Torres*. *See, e.g.*, *United States v. Almazan-Becerra*, 482 F.3d 1085, 1091 (9th Cir. 2007).

**AFFIRMED.**