**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10128 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00654-CRB |
| v. | |
| LINDA NGOZI ASHIEGBU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted September 10, 2010
San Francisco, California

Before:  B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant Linda Ashiegbu (Ashiegbu) challenges her conviction for making

a false statement in an immigration document on behalf of her brother, Emmanuel

Anyanwu (Anyanwu).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The district court did not abuse its discretion when it admitted Anyanwu's alien registration file (A-file), as the A-file was admissible pursuant to the public records exception. *See United States v. Estrada-Eliverio*, 583 F.3d 669, 672-73 (9th Cir. 2009).

In any event, any error in admitting the A-file was harmless given the substantial evidence supporting Ashiegbu's conviction. *See United States v. Pintado-Isiordia*, 448 F.3d 1155, 1157 (9th Cir. 2006).

**2.** The A-file was relevant to the false statement charge. *See United States v. Nobari*, 574 F.3d 1065, 1075 (9th Cir. 2009) ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") (citation, parentheses and internal quotation marks omitted).

**3.** Because of the additional evidence of Ashiegbu's motive in making the false statement, the admission of testimony regarding spousal preferences for citizenship applications "was harmless as it is more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." *United States v.*

2

*Gallenardo*, 579 F.3d 1076, 1081 (9th Cir. 2009) (citation and internal quotation marks omitted).

**4.** Allowing the government's closing argument regarding the Federal Poverty Guidelines was not plain error. Given the substantial independent evidence of Ashiegbu's guilt, Ashiegbu "has not met and cannot meet the high burden of demonstrating a plain error that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Trevino*, 419 F.3d 896, 902 (9th Cir. 2005), *as amended* (citation and internal quotation marks omitted).

**5.** The government's closing argument did not constructively amend the indictment, as "there was no complex of facts presented at trial distinctly different from those in the indictment." *United States v. Casch*, 448 F.3d 1115, 1117 (9th Cir. 2006) (citation and internal quotation marks omitted).

**AFFIRMED.**