**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30056 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00404-JCC-1 |
| v. | |
| RAYMOND ERIKSEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30057 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00404-JCC-2 |
| v. | |
| SIGMUND ERIKSEN, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted January 11, 2011
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and M. SMITH, Circuit Judges, and BENITEZ,[**] District Judge

Defendants-Appellants Sigmund Eriksen and Raymond Eriksen appeal judgments of conviction stemming from their use of employee 401(k) contributions to pay their company's operating expenses. In this Memorandum Disposition, we address several evidentiary rulings that Defendants argue require reversal or a new trial. Because the pertinent facts, procedural history, and assignments of error are set forth in a contemporaneously filed Opinion, *United States v. Eriksen*, Nos. 10-30056, 10-30057 (9th Cir. Mar. __, 2011), we recite that information only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A.      Admission of Evidence

Defendants argue that the district court abused its discretion in admitting into evidence Exhibits 3A and 3B because those the documents were, *inter alia*, unsigned, in draft format, not the best evidence, without an adequate foundation, and replete with hearsay. Federal Rule of Evidence 901(a) provides that a document may be authenticated by "evidence sufficient to support a finding that the matter in question is what its proponent claims." "A party need only make a

[**]      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009) (internal quotation marks omitted), *cert denied*, 131 S. Ct. 579 (2010). With respect to Exhibit 3A, a draft letter from Lunde Electric's attorney dated April 6, 1995, the testimony of Brad Sommerfeld that the letter was found in his office files and contained his father's handwriting was sufficient to authenticate it. Although Exhibit 3A contained handwriting which the Defendants objected to as hearsay, the Government never elicited the content of that handwriting for its truth.

Any error in the introduction of Exhibit 3B was harmless in light of the fact that Defendants were convicted of acts that occurred *after* the 2002 Restatement. Because Defendants do not argue that the government's version of the 2002 Restatement was altered or that is contents differ from an original, the district court appropriately admitted that document. *See United States v. Childs*, 5 F.3d 1328, 1335 (9th Cir. 1993); *see also United States v. Diaz-Lopez*, 625 F.3d 1198, 1201 (9th Cir. 2010).

**B.     Limiting the Testimony of Defendants' Expert Witness**

Defendants had ample opportunity to rebut the Government's expert witness; no Sixth Amendment violation occurred. Generally, "a trial judge may

3

exclude or limit evidence to prevent excessive consumption of time, undue prejudice, confusion of the issues, or misleading the jury" without violating a defendant's constitutional rights. *United States v. Cruz-Escoto*, 476 F.3d 1081, 1088 (9th Cir. 2007) (internal quotation marks omitted). "In considering whether the exclusion of evidence violates due process, this court considers the probative value of the evidence on the central issue." *Id.* (internal quotation marks omitted). Notably, many of the questions posed to defense expert Whitman by defense counsel bore little relationship to the elements of the crimes charged, and the district court properly sustained objections when Whitman attempted to testify about events he did not witness, to describe the popularity of various retirement vehicles, and to answer repetitive questions.

### C.  Jury Instructions

Finally, the district court acted within its discretion in rejecting Defendants' proposed jury instructions. *United States v. Chang Da Liu*, 538 F.3d 1078, 1089 (9th Cir. 2008). It is "well settled that a criminal defendant has 'no right' to any good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged, notwithstanding the normal rules governing 'theory of defense' requests." *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004). The culpable state of mind for § 664 is

4

"willfullness," which the district court properly defined for the jury.  Moreover, neither lack of good faith belief nor knowledge of illegality is an element of § 664. *See United States v. Wiseman*, 274 F.3d 1235, 1240 (9th Cir. 2001); *United States v. Mett*, 178 F.3d 1058, 1067 (9th Cir. 1999).  Neither Defendant pursued a "good faith" defense during the case.  Quite to the contrary, Defendants ignored every warning from their lawyers and accountants to return their employees' elective deferrals.

**AFFIRMED.**