**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10360 |
| Plaintiff - Appellee, | DC No. 4:09-cr-02539-CKJ-JCG |
| v. | |
| JOHNNY GARCIA-PEREZ , | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted July 19, 2011[**]
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

On March 31, 2010, a jury convicted defendant-appellant Johnny Garcia-Perez ("Garcia") of one count of illegal reentry in violation of 8 U.S.C. 1326. Garcia now appeals his conviction, contending that the district court erred by: (1) denying his motion to suppress certain statements, (2) denying his motion for a mistrial after a witness insinuated that Garcia had a criminal record, and (3) permitting the warrant of removal to be admitted into evidence at trial over his objections for hearsay, lack of foundation and authentication, and for violation of the Confrontation Clause. We affirm the district court in all respects.

Turning first to the motion to suppress, the district court's denial of a motion to suppress is reviewed de novo, but the district court's underlying factual findings are reviewed for clear error. United States v. Mayer, 560 F.3d 948, 956 (9th Cir. 2009). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." United States v. Working, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc) (citation omitted). In this case, the district court did not err in concluding that the defendant had been properly advised of his Miranda rights and that the defendant's statements were voluntarily made. Agent Valenzuela, the only witness to testify at the suppression hearing, testified that he advised the defendant of his Miranda rights in Spanish both before the interview and after the interview when the agent presented the defendant with a

2

written statement to sign. There is no evidence of coercion and nothing to suggest that the defendant's statements were involuntary. We thus affirm the district court's denial of the defendant's motion to suppress the statements he made to Agent Valenzuela.

Turning to the motion for a mistrial, the district court's denial of a motion for a mistrial is reviewed for abuse of discretion. United States v. Hagege, 437 F.3d 943, 958-59 (9th Cir. 2006). In this case, the district court did not abuse its discretion in denying Garcia's motion. As an initial matter, it is far from clear that the witness's statement alluding to the defendant's criminal record was at all prejudicial. All the jury heard was "If there's no criminal record" because the district court interrupted the witness before he could continue. Even assuming arguendo that the jury was able to infer from this statement that the defendant had a criminal record, the district court did not err in concluding that this inadvertent comment was harmless and thus did not warrant a mistrial.

Turning to the denial of defendant's motion to exclude the warrant of removal, alleged violations of the Confrontation Clause are reviewed de novo, see United States v. Villavicencio-Burruel, 608 F.3d 556, 560 (9th Cir. 2010), but we review evidentiary rulings, such as a finding that evidence is supported by a proper foundation or is authentic, for an abuse of discretion. United States v. Pang, 362

3

F.3d 1187, 1191 (9th Cir. 2004); <u>United States v. Tank</u>, 200 F.3d 627, 630 (9th Cir. 2000). The admission of the warrant of removal did not violate the Confrontation Clause because a warrant of removal is non-testimonial as "it [is] not made in anticipation of litigation." <u>United States v. Bahena-Cardenas</u>, 411 F.3d 1067, 1075 (9th Cir. 2005); <u>see also</u> <u>United States v. Orozco-Acosta</u>, 607 F.3d 1156, 1163 (9th Cir. 2010) ("[N]either a warrant of removal's sole purpose nor even its primary purpose is use at trial.").

We further conclude that the district court did not abuse its discretion in finding that the warrant of removal was properly authenticated as a public record under Fed. R. Evid. 901(7) because Rule 901 "does not require personal knowledge of a document's creation, but rather only personal knowledge that a document was part of an official file." <u>United States v. Estrada-Eliverio</u>, 583 F.3d 669, 673 (9th Cir. 2009). While the warrant of removal contained statements of immigration agents who did not testify at trial, the district court did not abuse its discretion in concluding that these statements fall within the public records exception to the hearsay rule because they constitute "ministerial, objective" observations that were recorded in the course of the immigration agents' governmental duties. <u>See</u> <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1315, 1317-18 (9th Cir. 1997). <u>Cf.</u> <u>United States v. Marguet-Pillado</u>, 560 F.3d 1078,

4

1086 (9th Cir. 2009) (holding that statement within permanent resident application that was made by the applicant's father was inadmissible hearsay because the applicant's father "had no governmental duties").

We have considered the appellant's additional arguments and conclude that they lack merit.

**AFFIRMED**.