
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK SOLOMON, | No. 10-15969 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00645-RLH-PAL |
| v. | |
| STEVEN SPIELBERG, | MEMORANDUM* |
| Defendant, | |
| and | |
| JUDY GOFFMAN CUTLER, | |
| Counter-defendant - Appellee, | |
| v. | |
| ART LOSS REGISTER, INC., | |
| Third-party-defendant - Appellee. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| JACK SOLOMON, | No. 10-16049 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-00645-RLH-PAL |
| v. | |
| STEVEN SPIELBERG, | |
| Defendant, | |
| and | |
| JUDY GOFFMAN CUTLER, | |
| Counter-defendant - Appellant, | |
| v. | |
| ART LOSS REGISTER, INC., | |
| Third-party-defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted February 6, 2012
San Diego, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BREWSTER, Senior District Judge.[**]

Jack Solomon appeals the district court's judgment, following a bench trial, in favor of Judy Goffman Cutler in this diversity action concerning a dispute over ownership of the Norman Rockwell painting, *Russian Schoolroom* (the "Painting"). On cross-appeal, Cutler challenges the district court's grant of summary judgment in favor of Solomon and Art Loss Register, Inc. ("ALR") on Cutler's claims for defamation and intentional tort. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.

I.    FBI TELETYPES

Evidentiary rulings are reviewed for abuse of discretion, and will not be reversed absent prejudice. *Watec Co. v. Liu*, 403 F.3d 645, 650 n.3 (9th Cir. 2005). The challenged teletypes were produced by the FBI in response to a subpoena and are "recorded communications among FBI offices in St. Louis, New Orleans, Chicago, and New York regarding the location and status of the *Russian Schoolroom* in October and November 1988." The district court did not abuse its

---

[**]    The Honorable Rudi M. Brewster, Senior District Judge for the Southern District of California, sitting by designation.

3

discretion in admitting these documents under Federal Rule of Evidence 803(8)(B) as documents created by agents assigned to investigate the theft of the Painting. Because this is not a criminal case, Solomon's arguments regarding constitutional prohibitions on the admission of matters observed by law enforcement officers are inapplicable.

The district court also did not abuse its discretion in admitting portions of the teletypes that relay statements made by Martin Diamond. Fed. R. Evid. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."). Although the district court did not specifically delineate its basis for admitting the statements, it explained why the statements attributed to Diamond were trustworthy and noted that, after twenty years, the evidence was more probative than any other evidence regarding the FBI's investigation into the theft of the Painting. *See FTC v. Figgie Int'l Inc.*, 994 F.2d 595, 608-09 (9th Cir. 1993) (per curiam) (upholding admission under residual exception even where trial court failed adequately to explain reasoning). In any event, Solomon was not prejudiced by the admission of these statements because they were all corroborated by other evidence that Solomon does not challenge. The statements that are

4

attributed to Solomon were admissible as party admissions. *See* Fed. R. Evid. 801(d)(2).

Finally, the sworn declaration from an FBI Records Unit Specialist and the letter from FBI Associate General Counsel were sufficient to authenticate the teletypes. *See United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009) ("A party need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." (internal quotation marks and citation omitted)).

## II.    DAVID FINE'S TESTIMONY AND OTHER EVIDENCE

The district court did not abuse its discretion in admitting David Fine's testimony under Federal Rule of Evidence 807 and ruling that four-month's notice provided a fair opportunity to meet the evidence. In any event, because this evidence was cumulative, any error was harmless. *See United States v. Lindsey*, 634 F.3d 541, 553 (9th Cir. 2011) (any error in admitting possible hearsay was harmless because other witnesses testified to the same facts).

Solomon's remaining claims regarding other potentially inadmissable evidence are conclusory statements unsupported by legal argument and are thus insufficient to preserve the claims. *See* Fed. R. App. P. 28(a)(9); *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997) ("We

5

will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (citation omitted)).

III.   FACTUAL FINDINGS

We review the district court's findings of fact after a bench trial for clear error. *Bertelsen v. Harris*, 537 F.3d 1047, 1056 (9th Cir. 2008). Solomon does not offer any credible argument undermining the district court's finding that he had constructive notice of the sale. The 1988 auction was widely publicized, as was Cutler's subsequent purchase of the Painting. According to the record, an FBI agent contacted Solomon directly to inform him of the sale. Given the substantial evidence in the record, the district court's finding was not clearly erroneous.

The district court also did not clearly err in finding that Cutler's investigation into the provenance of the Painting met the appropriate standard of care. Prior to the purchase, Cutler looked at the provenance provided by the auction house catalogue, called the Norman Rockwell Museum to ascertain whether museum officials had any additional information, and consulted *Norman Rockwell: The Definitive Catalogue* by Laurie Norton Moffatt, where she saw similar provenance to that provided in the auction house catalogue. These inquiries met reasonable commercial standards, which depend on the facts and circumstances surrounding the sale. *See Morgold, Inc. v. Keeler*, 891 F. Supp.

6

1361, 1368 (N.D. Cal. 1995) (stating that New York law requires an art dealer to take reasonable steps to inquire into a painting's title).

IV.    CHOICE OF LAW DETERMINATIONS REGARDING CONSENT

We do not reach the issue of whether the district court erred in applying Nevada law to Solomon's equitable claims seeking title and possession of the Painting as Solomon would not prevail under either New York or Nevada law. *See Solomon R. Guggenheim Found. v. Lubell*, 569 N.E.2d 426, 431 (N.Y. 1991) (noting that the defense of laches is still available even though New York's statute of limitations for conversion does not begin to toll until the true owner demands, and is refused, return of the artwork).

V.    CUTLER'S DEFAMATION CROSS APPEAL

We do not reach the issue of whether Missouri or Nevada law applies to Cutler's defamation claim because she cannot prevail under either state's law. Under Missouri law, expressions of opinion are privileged under the First Amendment's guarantee of freedom of speech. *State ex rel. Diehl v. Kintz*, 162 S.W.3d 152, 155 (Mo. Ct. App. 2005). Likewise, under Nevada law, statements of opinion cannot form the basis of a defamation claim. *See Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 87 (Nev. 2002). However, expressions of opinion

7

may suggest that the speaker knows certain facts to be true or may imply that facts exist, which will be sufficient to render the message defamatory if false. *Id.* at 88.

Solomon's statement regarding what Cutler "should have" or "could have" done are expressions of opinion and, as such, are not actionable. As the district court noted, "Solomon's statement that Cutler could have done more research before buying the painting . . . is an opinion based on Solomon's view of the circumstances surrounding Cutler's purchase." Accordingly, summary judgment was appropriate.

## VI.  CUTLER'S INTENTIONAL TORT CLAIM

New York law requires a plaintiff to prove that she suffered special damages when she seeks to recover for intentional tort. *Chen v. United States*, 854 F.2d 622, 627 (2d Cir. 1988). Cutler testified that she has not lost any clients as a result of ALR's actions or the publicity generated by the case. She also provided no evidence that ALR's actions caused her to incur any additional attorney's fees. On appeal, Cutler does not point to any other special damages; thus, the district court did not err.

## VII.  MOTION FOR SANCTIONS

Though sanctions are available for frivolous appeals, such relief is granted only if the result is obvious or if the claims of error are wholly without merit.

8

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d

981, 991 (9th Cir. 2010).  Because Cutler's arguments are not wholly without

merit, ALR's motion for sanctions is denied.

**AFFIRMED; MOTION FOR SANCTIONS DENIED.**