**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50288 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02363-LAB-1 |
| v. | |
| MARIO RUVALCABA-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before:  GRABER and BYBEE, Circuit Judges, and HARPOOL,[**] District Judge.

Mario Ruvalcaba-Garcia appeals his conviction for illegally reentering the

United States after having been removed, in violation of 8 U.S.C. § 1326(a), which

is predicated on a prior expedited removal order from 2015.  In an opinion filed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

concurrently with this memorandum disposition, we address the district court's

admission of a fingerprint expert's testimony. Here, we address Ruvalcaba's

remaining challenges to his conviction. We affirm.

1. The district court did not abuse its discretion by admitting enlarged

and enhanced copies of documents from Ruvalcaba's "A-file" as documentary

exhibits. *See United States v. Estrada-Eliverio*, 583 F.3d 669, 672–73 (9th Cir.

2009). The government was not required to introduce the original documents from

the A-file, which is an official record that may be proved by a "copy [that] is

certified as correct . . . by a witness who has compared it with the original." Fed.

R. Evid. 1005; *see also* Fed. R. Crim. P. 44(a). Moreover, the government

introduced the copies through witnesses who testified that they accurately

reproduced the originals, *cf.* Fed. R. Evid. 1001(e), and Ruvalcaba was free to

cross-examine those witnesses about the accuracy of the copies, but he did not do

so. Although he argues in his reply brief that he would have liked to cross-

examine the prosecutor about the creation of the copies, he waived this argument

by failing to present it to the district court or raise it in his opening brief. *See*

*United States v. Nickerson*, 731 F.3d 1009, 1015 (9th Cir. 2013).

2. The district court correctly denied Ruvalcaba's motion to dismiss his

indictment under 8 U.S.C. § 1326(d), a decision we review de novo. *United States*

2

*v. Flores*, 901 F.3d 1150, 1155 (9th Cir. 2018). We need not reach the question whether the 2015 expedited removal proceedings violated Ruvalcaba's due process rights because he has failed to show "prejudice"—i.e., that he had "'plausible grounds for relief' from the removal order." *Id.* at 1162 (quoting *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014)).

The only relief conceivably available to Ruvalcaba in 2015 would have been withdrawal of his application for admission, but withdrawal relief is discretionary, and the six factors used by the agency in exercising that discretion all weigh against relief in this case. *See id.* First, Ruvalcaba's "immigration violation was relatively serious" given his "history of illegal reentries." *Raya-Vaca*, 771 F.3d at 1208. Second, Ruvalcaba has several prior findings of inadmissibility. Third, Ruvalcaba "intended to violate the law, as evidenced by his prior unlawful entries and the fact that he entered the United States by 'walking through the mountains.'" *Id.* Fourth, Ruvalcaba concedes that he had no ability to overcome his inadmissibility. Fifth, Ruvalcaba was only 38 years old at the time of his removal and "does not allege that he was in poor health." *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1090 (9th Cir. 2011). And sixth, "humanitarian and public interest concerns" counsel against withdrawal relief, as Ruvalcaba has relatively few ties to the United States and a prior felony conviction for illegally

3

transporting aliens for financial gain. *See Flores*, 901 F.3d at 1163. We therefore find it implausible that Ruvalcaba would have received relief from the 2015 expedited removal order underlying his illegal-reentry conviction.

*     *     *

For these reasons and those given in the accompanying opinion, Ruvalcaba's conviction is **AFFIRMED**.