**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30110 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-06014-WFN-6 |
| v. | |
| ROSALIO EMMANUEL SANCHEZ, AKA Rosalio Sanchez, AKA Rosalio Emanuel Sanchez, AKA Rosalio Manuel Sanchez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted February 3, 2021[**]
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Rosalio Sanchez ("Sanchez") appeals his conviction for conspiracy to

distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1),

(b)(1)(A)(ii)(II), (viii) ("Count One") and distribution of methamphetamine in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of § 841(a)(1), (b)(1)(A)(viii) ("Count Two"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.** Sanchez raises two challenges to the jury instructions for Count One. Because there was no objection, we review for plain error. *United States v. Vasquez-Velasco*, 15 F.3d 833, 847 (9th Cir. 1994). First, Sanchez argues that the district court erred in using the disjunctive "methamphetamine or cocaine" in the jury instructions, when the indictment alleged in the conjunctive "methamphetamine and cocaine." "The government may charge in the conjunctive and prove in the disjunctive" when any of the acts specified in the statute—and included in the indictment—can establish guilt. *United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018). Because § 841(b)(1)(A) enumerates a list of different drug quantities and types that can trigger a violation of § 841(a)(1), including both 5 kilograms of cocaine and 500 grams or more of a mixture containing methamphetamine, the government can charge in the conjunctive but prove a violation in the disjunctive. Second, a jury does not need to find that the type and quantity of drugs were within the scope of agreement or reasonably foreseeable. *United States v. Collazo*, 984 F.3d 1308, 1315 (9th Cir. 2021) (en banc).

Because there was no error in the jury instructions or the form of the special verdict, this claim fails plain error review. *United States v. Recio*, 371 F.3d 1093,

1100 (9th Cir. 2004).

**2.** Sanchez argues that three law enforcement lay witnesses improperly provided expert witness testimony. We review evidentiary rulings for abuse of discretion. *United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015). Opinion testimony by a lay witness must be both "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Agent Vierra and Detective Black did not provide improper expert testimony. For both officers, their lay testimony provided helpful context for their involvement in the case: Agent Vierra for his work with an informant, and Detective Black for his work as an undercover agent.

The district court, however, abused its discretion when it permitted Agent Butler to opine about the meaning of drug jargon used in nine exhibits depicting text messages between Sanchez and unknown others. "Drug jargon is a specialized body of knowledge, familiar only to those wise in the ways of the drug trade, and therefore a fit subject for expert testimony." *United States v. Freeman*, 498 F.3d 893, 901 (9th Cir. 2007) (internal quotation marks and citation omitted). Agent Butler's testimony about the meaning of terms in the text messages was not based on his "knowledge of the particular case and the defendants," but rather on his "experience in investigating narcotics offenses." *United States v. Reed*, 575 F.3d

3

900, 922 (9th Cir. 2009). Given the substance of his testimony regarding the text messages, he testified as an expert, not as a percipient lay witness.

The admission of improper expert testimony is non-constitutional error subject to harmless error review. *United States v. Rahm*, 993 F.2d 1405, 1415 (9th Cir. 1993). We conclude, in light of all the evidence, that the error was harmless.

**3.** Sanchez argues that the text messages extracted from his cellphone—the same text messages Agent Butler discussed in his testimony—were inadmissible hearsay and their admission violated the Confrontation Clause. The government argues that the statements were admissible as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). We review for clear error the district court's factual determination of whether a conspiracy existed. *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007) (per curiam).

The text messages were not admissible as co-conspirator statements. The government bears the burden of proving by a preponderance of the evidence that a conspiracy existed between the defendant and a co-conspirator, *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987), and the government cannot rely only on co-conspirator statements themselves to prove the existence of a conspiracy. *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994). Without knowing the identities of the other parties, the government relied solely on the statements themselves to prove the existence of the conspiracy.

The admission of the text messages, however, did not violate the Confrontation Clause because they were not testimonial. There is no indication that the statements were made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford v. Washington*, 541 U.S. 36, 52 (2004).

Improper admission of hearsay evidence is subject to harmless error review, *United States v. Morales*, 720 F.3d 1194, 1199 (9th Cir. 2013), and we conclude that this error was harmless.

**4.** Photos of WhatsApp communications from an informant's phone were properly authenticated. We review a district court's determination "regarding the proper authentication of evidence for abuse of discretion." *United States v. Estrada-Eliverio*, 583 F.3d 669, 672 (9th Cir. 2009).

Testimony of a witness with knowledge of an item can authenticate that item. Fed. R. Evid. 901(b)(1). The informant testified that the photos were accurate copies of messages he exchanged with another member of the conspiracy, Jesus Bueno. Sanchez argues that the messages were inadmissible because the photos did not capture all of the text in the messages. But no witness testified that the messages had been altered, and even Bueno did not question the photos' authenticity. The district court did not abuse its discretion in admitting the photos

5

of the WhatsApp messages.[1]

**5.** The removal of Sanchez's nephew from the courtroom under Federal Rule of Evidence 615 did not violate Sanchez's Sixth Amendment right to a public trial. We review for abuse of discretion a district court's exclusion of a witness under Rule 615, *United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002), and review de novo whether a defendant was denied the right to a public trial, *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003).

Federal Rule of Evidence 615 requires that a district court, at a party's request, "order witnesses excluded so that they cannot hear other witnesses' testimony," provided the witnesses to be excluded do not fall into one of four exempted categories. Fed. R. Evid. 615. The government subpoenaed Sanchez's nephew and another observer and invoked Rule 615, and the district court excluded them under that rule. The district court did not abuse its discretion in excluding the nephew from the courtroom under Rule 615, nor was Sanchez's right to a public trial violated. The government concedes that excluding the nephew constituted a partial closure, but because the government proffered a legitimate basis for the subpoena, there was a "substantial reason" for the partial closure. *See United States v. Sherlock*, 962 F.2d 1349, 1356–57 (9th Cir. 1989).

---

[1] To the extent that Sanchez similarly challenges the admission of audio recordings sent by Jesus Bueno to the informant, those recordings were also properly authenticated, as the informant testified to their accuracy.

**6.** The cumulative error of admitting the text messages from Sanchez's phone and Agent Butler's testimony interpreting those messages does not require reversal under *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). The government presented significant other evidence of Sanchez's participation in the conspiracy, including the informant's testimony that he arranged with a leader of the conspiracy to purchase methamphetamine from Sanchez, testimony from cooperating members of the conspiracy, and evidence seized from Sanchez's home. Any errors by the district court did not render the trial fundamentally unfair.

**AFFIRMED.**