NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO PEREZ LOPEZ,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 19-72533<br><br>Agency No. A200-157-414<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission deferred January 26, 2022
Submitted April 10, 2023[**]
San Francisco, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[***] District Judge.

Fernando Perez Lopez, a native and citizen of Mexico, petitions for review

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

of a decision of the Board of Immigration Appeals dismissing his appeal of an immigration judge's denial of his applications for withholding of removal and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Perez Lopez argues that his Notice to Appear did not confer jurisdiction on the immigration court because it omitted the date, time, and place of his hearing. Our precedent forecloses that argument. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) (holding that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction").

2. Perez Lopez argues that the government failed to carry its burden to establish alienage because the Form I-213 that it introduced was not authenticated and therefore was inadmissible. We disagree.

"The Federal Rules of Evidence do not apply in removal proceedings." *Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022). But even if they did, the proceedings in this case were consistent with the rules. Under Federal Rule of Evidence 901, a public record is authenticated if a party presents evidence sufficient to support a finding that the "purported public record or statement is from the office where items of this kind are kept." Fed. R. Evid. 901(a), (b)(7)(B); *see also United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014) ("[T]he

2

party offering the evidence must make a prima facie showing of authenticity 'so that a reasonable [factfinder] could find in favor of authenticity or identification.'" (quoting *United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 1991))). Meeting this requirement "does not require personal knowledge of a document's creation, but rather only personal knowledge that a document was part of an official file," and we have previously found a DHS agent's testimony that documents were "what [they were] claimed to be, namely, accurate copies of documents [the DHS agent] personally knew were from [the petitioner]'s A-file" to be sufficient for authentication. *United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009) (internal quotation marks omitted); *see also United States v. Lopez*, 762 F.3d 852, 862–63 (9th Cir. 2014).

The government authenticated the Form I-213. Counsel for DHS represented that the form came from Perez Lopez's A-File; the immigration judge examined the form and noted the "original signatures" on it; and the government made the form available for Perez Lopez to inspect. Because a reasonable factfinder could have determined that the "purported public record or statement is from the office where items of this kind are kept," the agency did not err in finding the Form I-213 authenticated and admissible. *See* Fed. R. Evid. 901(b)(7)(B). With no evidence from Perez Lopez contradicting his concessions of alienage and information in the form, the agency did not err in determining that the government established the

3

petitioner's alienage. *See Hernandez*, 52 F.4th at 767–68.

3.      Perez Lopez argues that he is entitled to withholding of removal because, if removed, he will be persecuted by the Sinaloa Cartel on account of his membership in the particular social group of his family. Even assuming that his family is a cognizable particular social group, substantial evidence supports the Board's conclusion that his family membership would not be "a reason" for the persecution he fears. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Although two of his brothers experienced violence in Sinaloa, they testified that this violence was the result of either confusion or random crime. They also testified that other members of Perez Lopez's family have lived in Sinaloa without incident. In his own testimony, Perez Lopez did not show any nexus between his membership in his family and the persecution he feared. He testified only to a generalized fear of gangs and violence in Mexico, which is insufficient to show a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

4.      Finally, Perez Lopez argues that the agency erred in finding that he failed to meet the continuous physical presence requirement for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(A). In *Mendez-Garcia v. Lynch*, we explained that "[s]ection 1229b(b)(1)(A) expressly includes a time frame: it requires the alien to establish that the alien 'has been physically present in the

4

United States for a continuous period of not less than 10 years immediately preceding the date' of the application for cancellation of removal." 840 F.3d 655, 663 (9th Cir. 2016). And a period is not continuous if at any point during it the alien was outside the United States "in excess of 90 days." 8 U.S.C. § 1229b(d)(2).

Perez Lopez failed to demonstrate continuous physical presence. In his application, he conceded that he was voluntarily outside of the United States from December 2009 to March 2010. While it is possible that this period, which spanned four months, could have lasted fewer than 91 days, it was Perez Lopez's burden to prove that his departure was not "in excess of 90 days." 8 U.S.C. § 1229b(d)(2); *see Mendez-Garcia*, 840 F.3d at 663. Because he did not attempt to carry this burden, his continuous presence accrual restarted in March 2010, well under 10 years before his May 2013 application. Perez Lopez's arguments to the contrary invoking the "stop-time" rules in 8 U.S.C. § 1229b(d)(1)(A) and (B) fail because those rules are irrelevant to his application, and the agency did not rely on them in its decision.

The motion for a stay of removal (Dkt. No. 5) is denied.

**PETITION DENIED.**