**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY RONNELL PERKINS, | No. 22-55114 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00850-DMS-KSC |
| v. | |
| C. ANGULO, Correctional Counselor at Centinela State Prison; T. RAYBON, Correctional Counselor II at Centinela State Prison; J. BERNAL, Captain at Centinela State Prison, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Submitted March 8, 2024**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California prisoner Gary Perkins appeals pro se from the district court's judgment following a jury trial in his 42 U.S.C. § 1983 retaliation action against Defendants Carlos Angulo, Tracy Raybon, and Juan Bernal (collectively, Defendants). *See* U.S. Const. amend. I. Perkins argues that the district court should not have admitted a 1996 prison Rules Violation Report (RVR) into evidence. We review for abuse of discretion,[1] and we affirm.

The district court did not abuse its discretion in determining that the RVR was authentic. *See* Fed. R. Evid. 901(a); *Vatyan v. Mukasey*, 508 F.3d 1179, 1184 (9th Cir. 2007). The Defendants each testified that the RVR was an accurate representation of a document that he or she personally viewed in Perkins' electronic prison file and relied upon in denying his family visit application. *See* Fed. R. Evid. 901(b)(1). That amounted to sufficient evidence that the document was what it claimed to be,[2] particularly when Perkins did not point to any evidence

---

[1] *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[2] *See United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009); *see also United States v. Smith*, 609 F.2d 1294, 1301–02 (9th Cir. 1979).

supporting his speculative theory that the RVR had been fabricated. *Cf. United States v. Bonallo*, 858 F.2d 1427, 1436 (9th Cir. 1988).[3]

Likewise, the district court did not abuse its discretion in admitting the RVR into evidence. *See Alvirez*, 831 F.3d at 1120. The RVR satisfied the best evidence rule because the record showed that it was a printout of information stored in a computer database, and thus is deemed to be an original. *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004); *see also* Fed. R. Evid. 1001(d)–(e), 1002; *cf. United States v. Diaz-Lopez*, 625 F.3d 1198, 1202 (9th Cir. 2010). The RVR was not hearsay because it was not admitted for its truth,[4] so the hearsay exceptions were irrelevant.[5] Nor was the RVR unduly prejudicial to Perkins. *See* Fed. R. Evid. 403. Rather, it was significant probative evidence bearing upon the Defendants' motivation for denying Perkins' family visit application, which was a key element[6] of Perkins' retaliation claim. Perkins has not explained any improper or unfair influence that evidence could have had upon the jury, apart from the usual

---

[3] Because the Defendants' testimony was sufficient to authenticate the RVR under Rule 901, we need not and do not consider Perkins' assorted challenges to the E. Vang declaration. *See Vatyan*, 508 F.3d at 1184; *see also Hinkson*, 585 F.3d at 1261–63.

[4] *See* Fed. R. Evid. 801(c)(2).

[5] *See United States v. Arteaga*, 117 F.3d 388, 396 & n.14 (9th Cir. 1997).

[6] *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

prejudice that inheres in all relevant evidence.  *See United States v. Hankey*, 203

F.3d 1160, 1172 (9th Cir. 2000).[7]

Finally, nothing in the record indicates that the district judge harbored any

impermissible bias against Perkins.  *See Liteky v. United States*, 510 U.S. 540,

555–56, 114 S. Ct. 1147, 1157–58, 127 L. Ed. 2d 474 (1994); *United States v.*

*Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

We do not consider arguments raised for the first time on appeal or matters

not specifically and distinctly raised and argued in the opening brief.  *See Padgett*

*v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[7] For the same reason, we reject Perkins' Rule 403 challenge to parts of
Defendants' testimony regarding their reasons for rejecting his application.