**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FELIPE DE JESUS FLORES, AKA Jaime
Daniel Martinez,

                Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No.    14-71561

Agency No. A077-991-561

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2017
Pasadena, California

Before: PREGERSON, PAEZ, and CHRISTEN, Circuit Judges.

    Felipe de Jesus Flores ("Flores") petitions for review of a final order of

removal. In May 2014, the Board of Immigration Appeals ("BIA") dismissed

Flores's appeal from the Immigration Judge's ("IJ") decision ordering him

---

    <sup>*</sup>    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

removed. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

Flores argues that his due process rights were violated when the IJ admitted evidence presented by the government that was not properly authenticated, and, that without such evidence, the government failed to meet its burden of proving alienage by "clear, unequivocal, and convincing evidence." *Woodby v. INS*, 385 U.S. 276, 277 (1966). We review de novo claims of due process violations in removal proceedings, *see, e.g.*, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010), and we agree.

As Flores denied all of the factual allegations contained in the Notice to Appear, and contested removability, the Department of Homeland Security ("DHS") was required to present evidence to meet its burden of establishing alienage. *See Woodby*, 385 U.S. at 277. Initially, DHS submitted several documents that were allegedly taken from Flores's Alien file ("A-file"). Flores objected to the admission of these documents as unauthenticated, and moved to terminate the removal proceeding. In response, DHS resubmitted an I-485 (Application to Register Permanent Residence or Adjust Status) that Flores had

2

allegedly previously submitted to the Immigration and Naturalization Service[1], as well as an accompanying G-325A (Biographic Information). Both documents were accompanied by a purported written certification signed by Jose Guillermo Barr ("Barr"), an Immigration and Customs Enforcement ("ICE") Supervisory Detention and Deportation Officer. Flores renewed his objections and motion to terminate. In response, the IJ found that the resubmitted I-485 and G-325A were properly authenticated, admitted them, and, as a result, found Flores was removable as charged. Next, the IJ denied Flores's motion to terminate, found him statutorily ineligible for relief, and ordered him removed to Mexico. Flores timely appealed to the BIA, which dismissed the appeal finding that the I-485 and G-325A had been properly authenticated in accordance with governing regulations.

Authentication of documents in the government's possession is required in deportation proceedings in order to satisfy due process. *Iran v. INS*, 656 F.2d 469, 472 (9th Cir. 1981). Documents in the government's possession, such as the forms I-485 and G-325A, may be authenticated "through some recognized procedure, such as those required by [] regulations or by the Federal Rules of Civil

---

[1] On March 1, 2003, the United States Immigration and Naturalization Service ceased to exist as an agency within the Department of Justice and its functions were transferred to DHS. *See* Homeland Security Act of 2002, Pub L. No. 107-296, 110 Stat. 21235 (Nov. 25, 2002).

Procedure." *Espinoza v. INS*, 45 F.3d 308, 309-10 (9th Cir. 1995). "To authenticate the form, there must be proof that the form is what it purports to be . . . ." *Iran*, 656 F.2d at 473.

The BIA held that the two documents were properly authenticated under governing regulations, but this was in error. The governing regulation, 8 C.F.R. § 287.6(a), states that any official record should be certified by "the official having legal custody of the record or by an authorized deputy." Under 8 U.S.C. § 1103(a)(2), the Secretary of DHS ("Secretary") is clearly designated as the legal custodian of all immigration records, and further, under 8 U.S.C. § 1103(a)(6), the Secretary has the authority to confer his "powers, privileges, or duties" onto his employees. Finally, 8 C.F.R. § 2.1 states that the Secretary may accomplish such conferral through "regulation, directive, memorandum, or other means as deemed appropriate."

Here, in an attempt to authenticate documents, the government simply submitted an unsworn letter, signed by Barr. The letter states that Barr's "official duties and responsibilities include creation and maintenance of official DHS records, pursuant to the delegated authority from the Secretary of Homeland Security, legal custodian under Section 103 of the Immigration and Nationality Act, as amended." It further states that Barr is an "authorized certifying designee

of the Secretary of Homeland Security." Finally, the letter states that the I-485 and G325A were found in the A-file associated with Flores and that they are "true and correct" copies of the original DHS record.

There is no evidence, aside from Barr's own statements, however, that the Secretary conferred Barr with the duty to certify documents on his behalf. Under 8 C.F.R. § 2.1, the Secretary has four methods of delegating his authority, and the government has failed to provide evidence of any of them. We do not doubt that the Secretary has broad discretion to delegate certification authority to DHS employees, but we do not assume he has done so, absent such evidence. The BIA erred in finding otherwise.[2]

In the alternative, the government argues that it properly authenticated the disputed documents via other means that have previously been upheld by this court. Although the government is correct that we permit DHS to authenticate evidence through any "recognized procedure," not limited to that described in the

---

[2] It is worth noting that in addition to failing to provide support that Barr is a certifying designee of the Secretary, this purported certification suffers from multiple defects that belie its trustworthiness: (1) the document is not on official ICE/DHS letterhead, (2) it bears no seal or stamp of DHS, (3) it contains no language that Barr's statements were given under penalty of perjury or that he, at a minimum, swore to its contents, and (4) it contains no statement that he is the legal custodian—temporary or otherwise—of A-files, or Flores's A-file in particular.

governing regulations, *see Espinoza*, 45 F.3d at 310, the government's form of authentication failed under any measure. The two cases on which the government relies involve an ICE or Customs and Border Protection officer appearing in court to testify under oath. *See United States v. Lopez*, 762 F. 3d 852, 862-63 (9th Cir. 2014); *United States v. Estrada-Eliverio*, 583 F.3d 669, 671 (9th Cir. 2009). Because the ICE/CBP officers in those cases testified in court, there were no due process concerns—i.e., the testimony was under oath, a court was able to evaluate the witnesses' credibility, and the defendants were able to cross-examine the officers. Here, by contrast, none of those due process protections were present as Barr did not testify.

In sum, the I-485 and G-325A were not properly authenticated, and Flores's due process rights were violated. Generally, when alleging a due process violation, the petitioner must demonstrate prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Cruz Rendon*, 603 F.3d at 1109 (citation omitted). Here, the government offered no other evidence proving Flores's alienage, so Flores was prejudiced by the improper admission of these documents. Therefore, as in *Iran*, where "the evidence submitted by the [DHS] was not properly admitted," and, as a result, the DHS "did not meet its burden of establishing [removability] by clear, unequivocal, and convincing

6

evidence," the removal order must be "set aside." *Iran*, 656 F.2d at 473 (internal quotation marks omitted).

For the foregoing reasons, we grant the petition for review and remand to the agency with instructions to grant Flores's motion to terminate. *See Iran*, 656 F.2d at 473. In light of our disposition, we need not reach, and express no views, on the merits of the other issues raised in Flores's petition for review.

PETITION GRANTED.