**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROBELO BARBOZA-CRUZ, | No. 19-72197 |
| Petitioner, | Agency No. A200-974-046 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 14, 2023
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.
Partial Dissent by Judge FRIEDLAND.

Robelo Barboza-Cruz, a native and citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals dismissing his appeal from an

immigration judge's order of removal. We dismiss the petition in part and deny it

in part.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. As a preliminary matter, Barboza-Cruz argues that the immigration court lacked jurisdiction because the notice to appear failed to specify the time or place of his initial removal hearing. That argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192–93 (9th Cir. 2022) (en banc).

2. Barboza-Cruz also argues that the immigration judge violated his due process rights by relying upon evidence presented by the government—a Form I-213, offered as evidence of alienage—that was not properly authenticated. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

"The Federal Rules of Evidence do not apply in removal proceedings." *Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022); *see also Espinoza v. INS*, 45 F.3d 308, 309–10 (9th Cir. 1995) (explaining that authentication may be achieved "through [any] recognized procedure, such as those required by [agency] regulations or by the Federal Rules of Civil Procedure"). Even so, the proceedings in this case were consistent with those rules. Federal Rule of Evidence 901 provides that a public record is authenticated if a party "produce[s] evidence sufficient to support a finding," Fed. R. Evid. 901(a), that the "purported public record or statement is from the office where items of this kind are kept," Fed. R. Evid. 901(b)(7)(B). "A party 'need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification.'" *United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir.

2009) (quoting *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996)). Here, government counsel provided "the original signed [Form] I-213," and counsel for Barboza-Cruz offered no reason to doubt that it was the original document. A reasonable factfinder presented with an original, signed, and unrebutted Form I-213 from the Department of Homeland Security—the agency that produced the document—could conclude that the document was, in fact, "from the office where items of this kind are kept." Fed. R. Evid. 901(b)(7); *see also* Fed. R. Evid. 901(b)(4) (noting that authenticity can be inferred from "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances").

Barboza-Cruz relies on *Iran v. INS* for the proposition that due process requires that all documentary evidence admitted in removal hearings be properly authenticated. 656 F.2d 469, 472–73 (9th Cir. 1981). But in *Espinoza*, we distinguished *Iran* on the ground that it involved a document that "was not prepared by the government, as is a Form I–213." *See Espinoza*, 45 F.3d at 310. We reasoned that "additional validation"—such as "affidavits or the testimony of the preparer"—is not necessarily required in cases involving the admission of Form I-213s. *Id.* As we have explained, this case involves a Form I-213 that was prepared by the government, and the government submitted not merely a copy, but the original document. And while Barboza-Cruz objected to admitting the

3

document, he did not suggest either that it was not what it purported to be or that its contents were wrong.

Because the original Form I-213 was reliable and properly admitted, the government met its burden of establishing Barboza-Cruz's removability by "clear and convincing evidence." *B.R. v. Garland*, 26 F.4th 827, 840 (9th Cir. 2022) (quoting 8 C.F.R. § 1240.8(a)).

3. Finally, Barboza-Cruz argues that the Board did not give "full consideration . . . to all factors" when it denied his application for cancellation of removal. We lack jurisdiction to review the Board's discretionary denial of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003), so we dismiss the petition in relevant part.

**PETITION DISMISSED in part and DENIED in part.**

*Barboza-Cruz v. Garland*, No. 19-72197

FRIEDLAND, Circuit Judge, dissenting in part:

I agree with the majority's analysis as to the immigration court's jurisdiction and the Board's discretionary denial of cancellation of removal. I dissent, however, because the immigration judge violated Barboza-Cruz's due process rights by admitting the Form I-213 into evidence without authentication.

We ordinarily review an immigration judge's decision to admit or exclude evidence on authentication grounds for an abuse of discretion, but when the immigration judge's decision is "based on a purely legal ground, we review de novo." *Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007); *cf. United States v. Mateo-Mendez*, 215 F.3d 1039, 1041-42 (9th Cir. 2000).

Here, the immigration judge admitted the Form I-213 because the judge believed it was "self-authenticating." That was a legal error. When a record is self-authenticating, it "require[s] no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. Federal Rule of Evidence 902 establishes the requirements that a record (including a record purporting to be an original) must meet to be self-authenticating, and the Form I-213 did not meet those requirements. *See id*. The majority has not pointed to any other rule, regulation, or procedure that suggests the form was self-authenticating. Instead, the majority holds that a reasonable factfinder *could* conclude that there was sufficient evidence

that the form was authentic under Rule 901—even though there is no basis in the record suggesting the immigration judge (the only potential factfinder here) reached such a conclusion.

Because the form was not self-authenticating, the Government was required to offer some evidence of its authenticity. Our decision in *Iran v. INS*, 656 F.2d 469 (9th Cir. 1981), establishes that what the Government did here was insufficient. In *Iran*, the government introduced a Form I-506 to show that the petitioner was not authorized to remain in the United States. *Id.* at 470, 472. To admit the form, "the [government's] trial attorney handed the document to the immigration judge and told him what it purported to be, [and] the immigration judge stated, in effect, that no proof of authentication was necessary." *Id.* at 473. We held that that procedure was insufficient to authenticate the form because the trial attorney never provided any evidence that the form was what it purported to be. *Id.* And we rejected the government's argument that the document was authenticated merely because the name on the document matched the name of the petitioner. *Id.*

Here, the Government's attorney did exactly what we rejected in *Iran*: the attorney "handed the document to the immigration judge and told [her] what it purported to be, [and] the immigration judge stated, in effect, that no proof of authentication was necessary." *Id.* Under *Iran*, that procedure was clearly

2

insufficient. As in *Iran*, the Government attorney did not offer anything relevant to the form's authenticity. He did not profess to be a records custodian or to know how the file had been maintained. *See, e.g.*, 8 C.F.R. § 287.6(a) (establishing that a domestic official record can be authenticated "by a copy attested by the official having legal custody of the record or by an authorized deputy"). And he did not offer any evidence that the form was not altered after it was completed or that the form was even part of Barboza-Cruz's file. *See Iran*, 656 F.2d at 473.

The majority argues that *Iran* is not controlling because *Espinoza v. INS*, 45 F.3d 308 (9th Cir. 1995), subsequently suggested that *Iran* does not apply to documents created by the government. But *Espinoza* did not overrule *Iran*. In *Espinoza*, we held that the government properly authenticated a Form I-213 because, unlike here, the form was certified by INS's Los Angeles district director. *Id.* at 310. We reiterated our holding from *Iran* that immigration forms may be authenticated through any "recognized procedure," and we explained that the director's certification satisfied *Iran* because it met the requirements imposed by 8 C.F.R. § 287.6(a) and Federal Rule of Civil Procedure 44. *Espinoza*, 45 F.3d at 309-10.

We then distinguished the case from *Iran*. *Id.* at 310. First, we explained that *Iran* was distinguishable because the government there "failed to introduce any proof of authenticity, or any proof from which the immigration judge could

3

infer that the form was a true document." *Id.* (quoting *Iran*, 656 F.2d at 473). The Government also failed to do so here, so this distinction does not undermine the controlling status of *Iran*. We then stated, "In addition, the challenged evidence [in *Iran*] was the affidavit of a non-government witness." *Id.* But *Iran* did not in fact involve the "affidavit of a non-government witness"; the challenged evidence in *Iran* was a Form I-506, "Application for Change of Nonimmigrant Status." *Iran*, 656 F.2d at 470.[1] And *Espinoza* did not explain why this purported fact would have been significant when *Iran* involved no evidence of authenticity at all.

Moreover, elsewhere in the opinion, *Espinoza* makes clear that *Iran* applies to Form I-213's, even though they are created by the government. *See, e.g.*, *Espinoza*, 45 F.3d at 310 (explaining that certification of the Form I-213 by the INS's Los Angeles district director "satisfies *Iran*"). At most, what *Espinoza* said to distinguish *Iran* suggests that documents created by the government can be authenticated through a certification that meets the requirements of 8 C.F.R. § 287.6(a) and Federal Rule of Civil Procedure 44. There is no such certification here.

Because our precedent establishes that the Form I-213 was admitted in error, I respectfully dissent.

---

[1] It appears that *Espinoza* may have mixed up the facts of *Iran* with those of *Baliza v. INS*, 709 F.2d 1231, 1233-34 (9th Cir. 1983), which *Espinoza* also discussed, *see Espinoza*, 45 F.3d at 310.